NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0448n.06
Filed: June 26, 2007

No. 06-5262

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DARRELL N. WEST, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |

BEFORE: MARTIN and BATCHELDER, Circuit Judges; O'MEARA, District Judge.[*]

**JOHN CORBETT O'MEARA, District Judge.** Defendant Darrell N. West, who was sentenced to the 120-month statutory minimum for his crack cocaine crimes, challenges the district court's sentence on remand. For the following reasons, we affirm the judgment of the district court.

I.

On October 10, 2003, a jury convicted West of (1) conspiracy to possess with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 846; (2) aiding and abetting possession with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2; and (3) possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced West to 140 months of imprisonment on the drug charges and 60 months on the gun charge, to be served consecutively.

---

[*]The Honorable John Corbett O'Meara, United States District Court for the Eastern District of Michigan, sitting by designation.

On appeal, this Court affirmed West's conviction but reversed and remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). Upon re-sentencing, West asked the district court to sentence him to 120 months of imprisonment. West also requested a downward departure based upon arguments regarding his poor upbringing, his recent change in character, the sufficiency of a lesser sentence, and that his criminal history category of IV was overstated. West did not seek a downward departure based upon his cooperation with the government.

The district court denied West's request for a downward departure. The court found an offense level of 26 and a criminal history category of IV, which resulted in a Sentencing Guidelines range of 120 to 150 months. Because of a prior drug conviction, West was also subject to a ten-year statutory minimum sentence for his drug crimes pursuant to 21 U.S.C. § 841(b)(1)(B). *See also* 21 U.S.C. § 851.

In imposing the sentence, the district court considered the "advisory sentencing guidelines" and the factors set forth in 18 U.S.C. § 3553(a). The court sentenced West to the statutory minimum of 120 months for West's drug crimes, 20 months lower than the original sentence. The court re-imposed the 60-month sentence for the gun count, which is not at issue here, to run consecutively. West's consecutive prison sentences total 180 months.

## II.

West contends that the district court erred by failing to treat the Sentencing Guidelines as advisory and by failing to take into consideration West's cooperation with the government. West acknowledges that he did not raise these issues below. Therefore, this Court reviews them for plain error. Fed. R. Crim. P. 52(b). To establish plain error, West must show:

>  (1) [E]rror. (2)  that is 'plain' . . . and (3) that affects substantial rights.   If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously effects the fairness, integrity, or public reputation of judicial proceedings.

*Johnson v. United States*, 520 U.S. 461, 466-467 (1997) (internal quotations and citations omitted).

Despite West's argument to the contrary, the record is clear that district court treated the Sentencing Guidelines as advisory and specifically referred to them as such.  There is no suggestion in the record that the district court wanted to impose a lower sentence but felt constrained by the Guidelines.  The district court noted that it considered the Guideline range along with the other § 3553(a) factors.  JA at 308-13.  The court did not hold the erroneous belief that the Guidelines are mandatory.  *See Booker*, 543 U.S. at 245 (holding that the Guidelines are "effectively advisory"); *United States v. Webb,* 403 F.3d 373, 381-83 (6th Cir. 2005) (holding that it is "erroneous for a district court to sentence a defendant based on the belief that the Guidelines are mandatory").

Moreover, any such error would not have affected West's substantial rights, as the district court sentenced him to the statutory minimum.  *See Webb,* 403 F.3d at 382-83 (holding that treatment of Guidelines as mandatory was not plain error where "the record contains clear and specific evidence that the district court would not have sentenced [the defendant] to a lower sentence under an advisory Guidelines regime").  Absent a government motion based upon substantial assistance, the district court had no authority to sentence below the statutory minimum in this case. 18 U.S.C. § 3553(e); *United States v. Perry*, 438 F.3d 642, 653 (6th Cir. 2006).  Accordingly, West cannot satisfy the plain error test with respect to his *Booker* claim.

West also argues that the district court erred in failing to lower his sentence as a result of his cooperation with the government. At his original sentencing, West requested consideration for his cooperation. There was, however, no plea agreement between West and the government, as this case proceeded to trial. Further, the government was unwilling to file a motion for downward departure because West had gone out of state to commit a new crime during the time he was supposed to be cooperating with the government. Because there was no motion from the government, the district court declined to consider any cooperation provided by West.

Upon re-sentencing, West did not ask for consideration of his cooperation. Without a motion from the government or a showing by West that the government refused to file a motion for unconstitutional reasons, the district court had no authority to depart below the statutory minimum. *See Perry,* 438 F.3d at 653. The government made no such motion, and West makes no claim that the United States refused to file a motion for an unconstitutional reason. *See United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). Therefore, the district court did not plainly err by failing to consider West's cooperation with the government.

We **AFFIRM** the judgment of the district court.